IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHOMIAL AHMAD, <br><br> Plaintiff, <br><br> -against- <br><br> RICHARD M. BURR; KELLY LOEFFLER; JAMES M. INHOFE, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

Plaintiff Shomial Ahmad ("Plaintiff"), by and through her undersigned counsel, as and for her Complaint in this action against Senators Richard M. Burr, Kelly Loeffler, and James M. Inhofe, ("Defendants"), hereby complains of Defendants as follows:

**INTRODUCTION**

1. This lawsuit[1] is brought to redress acts of securities fraud committed by Defendants Richard M. Burr, Kelly Loeffler, and James M. Inhofe, three United States Senators. As the current pandemic continues to eviscerate the hard-earned retirement accounts of millions of helpless American workers and their families held hostage to markets reeling towards oblivion,

---

[1] This is not the first action brought against Senator Burr for violations of the Stock act relating to COVID-19 securities fraud. *See* Alan D. Jacobson v. Richard M. Burr, Case 1:20-cv-00799, currently pending in The United States District Court for The District of Columbia.

1

Defendants and their spouses were able to salvage their own treasure by exploiting material information unavailable to the public. Shortly after a private briefing of the Senate Intelligence Committee (reportedly attended by Defendants Loeffler and Burr) in which the likely impact of the growing pandemic on the markets was discussed, Defendants hastened to sell securities in a variety of publicly-traded companies for their own personal gain. In so doing, they injured shareholders of those companies— including Plaintiff Shomial Ahmad— who purchased and/or continued to hold securities in those same companies. Plaintiff's ability to procure relief in the federal courts is unimpaired by the fact that Defendants are Members of the U.S. Senate, where as members of the Senate, and of Senator Burr particularly, of the Senate Intelligence Committee, they learned the nonpublic material information on which they based the stock trades, trades that have enabled Defendants to profit from a pandemic that has tossed most American households in an uncertain maelstrom of panic, quarantine, income insecurity, and death.

2. The Defendant's abuse of their powers as U.S. Senators, at a time of national crisis, is incidental to the relief sought herein. This suit targets the Defendant's

2

self-enrichment at the expense of members of the public; it neither infringes impeachment powers vested in the U.S. Congress, nor the voters right to elect a senator of their choosing. For the reasons set forth below, this is a case of elementary securities fraud.

## PARTIES

3.  Plaintiff Shomial Ahmad is an individual who held shares, inter alia, in of Autozone Inc. (AZO), Comcast Corp. Cl A (CMCSA), Delta Airlines Inc. (DAL), Goldman Sachs Group Inc. (GS), Prudential Financial Inc. (PRU), and Tencent Holdings Ltd. ADR (TCEHY) at the time Senator Loeffler sold her shares of the same stocks at prices that, because the market did not possess the material information then known by Senator Loeffler, were artificially inflated. Plaintiff has been damaged thereby.

4.  Plaintiff Shomial Ahmad also held shares, inter alia, in AbbVie Inc (ABBV), CSX Corp. (CSX), CenturyLink Inc. (CTL), and Fairfax Financial Holdings Ltd. (FRFHF) at the time Senator Burr sold his shares of the same stocks at prices that, because the market did not possess the material information then known by Senator Burr, were artificially inflated. Plaintiff has been damaged thereby.

3

5. Plaintiff Shomial Ahmad also held shares, inter alia, in Apple Inc. (AAPL), and PayPal Holdings Inc. (PYPL) at the time Senator Inhofe sold his shares of the same stocks at prices that, because the market did not possess the material information then known by Senator Inhofe, were artificially inflated. Plaintiff has been damaged thereby.

6. Senator Burr is, and was, at all relevant times, a United States Senator from North Carolina. Senator Burr was and is the Chairman the Senate Select Committee on Intelligence and is a member of the Senate Committee on Health, Education, Labor & Pensions.

7. Senator Kelly Loeffler is, and was, at all relevant times, a United States Senator from Georgia.

8. Senator James M. Inhofe is, and was, at all relevant times, a United States Senator from Oklahoma. Senator Inhofe was and is the Chairman of the Senate Environment Committee.

## JURISDICTION AND VENUE

9. This action arises under Sections 10(b) and 20A of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), 78t-1(a), SEC Rule 10b-5, 17 C.F.R. § 240.10b5, promulgated thereunder, and the Stop Trading On Congressional

Knowledge Act of 2012, Pub. L. 112-105, 126 Stat 291 ("STOCK" Act).

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

11. Venue is proper in this District under Section 27 of the Exchange Act and 28 U.S.C. § 1391(b)(2).

12. In connection with the acts and omissions alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## BACKGROUND FACTS

13. According to the World Health Organization ("WHO"), the worldwide outbreak of the novel coronavirus, COVID-19, has become a global "pandemic" due to its extraordinary "speed and scale of transmission." The WHO Director-General has stated that the organization is "deeply concerned by both the alarming levels of spread and severity, and by the alarming levels of inaction." "We have never before seen a pandemic sparked by a

5

coronavirus . . . . We have rung the alarm bell loud and clear." As of the filing of this Complaint, COVID-19 has infected more than 551,036 people and caused approximately 24,914 deaths worldwide, and epidemiologists estimate that the number of COVID-19 cases in the world doubles every six days. Currently, there is no vaccine available to prevent the spread of COVID-19.

14. In the United States, fears over the spread and lethality of COVID-19 have had devastating economic and social consequences. Large public gatherings and major events have been canceled. Employees have been told to work from home, universities have moved all classes online, and elementary schools have closed for sanitizing. And the Governors of twenty-one states have issued various types of "stay at home" orders.

15. Senator Burr, who chairs the Senate Select Committee on Intelligence (the "Senate Intelligence Committee") and who is also a member of the Senate Committee on Health, Education Labor & Pensions (the "Senate Health Committee"), received daily confidential updates from the intelligence community on the COVID-19 outbreak during January and February 2020.

16. While members of the public, including Plaintiff, were being told by the United States government, including by Senator

Burr, that the United States was prepared to face emerging public health threats like the coronavirus and that COVID-19 would not have a significant impact on the economy, Defendants were in possession of material nonpublic information to the contrary.

17. The Senate Health Committee, of which Senator Burr is a member, hosted a private briefing for Senators by administration officials about the outbreak of COVID-19 on January 24, 2020. See Senate Health Committee Announces Briefing to Update Senators on Coronavirus, Senate Health Committee on Heath, Education Labor & Pensions, Jan. 23, 2020, https://bit.ly/2Um7r6L. Upon information and belief, during this briefing, Senators were given material nonpublic information regarding the outbreak of COVID-19.

18. On February 7, 2020, Senator Burr assured the public that "the United States today is better prepared than ever before to face emerging public health threats like the coronavirus." Sen. Lamar Alexander and Sen. Richard Burr, Coronavirus prevention steps the U.S. government is taking to protect you, Fox News, Feb. 7, 2020, https://fxn.ws/33x0Cx. On February 12, 2020, the Dow Jones industrial average closed at

7

its highest-ever point: 29,551.42. The Dow had remained steady around 29,000 for weeks.

19. On February 13, 2020, Senator Burr and his wife collectively made thirty-three separate stock sale transactions according to a period transaction report Senator Burr filed on February 27, 2020. Richard M. Burr, Period Disclosure of Financial Transactions, Feb. 26, 2020. Attached hereto as **Exhibit A** is a true and correct copy of this report.

20. The stock sales Senator Burr made represented all or most of Senator Burr's assets. Two years ago, "Roll Call" estimated that Senator Burr had a total net worth of about $1.7 million. In other words, on that day in February, Senator Burr suddenly decided to liquidate virtually every asset he owned.

21. On various dates between January and March 12, 2020, Senator Loeffler made multiple separate stock sale transactions according to period transaction reports Senator Loeffler filed on February 7, 2020 and March 12, 2020. Attached hereto as **Exhibit B** is a true and correct copy of these reports.

22. On January 27, 2020, and February 20, 2020 Senator Inhofe made six separate stock sale transactions according to period transaction reports Senator Inhofe filed on February 14,

8

2020 and March 12, 2020. Attached hereto as **Exhibit C** is a true and correct copy of these reports.

23. The following is a list of the stocks owned by Plaintiff and sold by the Defendants during the relevant time period:

| Ahmad | Loeffler | Burr | Inhofe |
|---|---|---|---|
| AAPL    | AFL   | ABBV  | AAPL |
| ABBV    | ARNA  | AXTA  | BAM  |
| AZO     | AZO   | BK    | BFAM |
| CMCSA   | CAT   | CFX   | DHR  |
| CSX     | CMCSA | CSX   | INTU |
| CTL     | CSCO  | CTL   | PG   |
| DAL     | CTXS  | DORM  | PYPL |
| FRFHF   | CVX   | FDX   |      |
| GS      | DAL   | FRFHF |      |
| PRU     | DFS   | MKH   |      |
| PYPL    | EEFT  | MMM   |      |
| TCEHY   | EMR   | OEC   |      |
|         | FNKO  | PHG   |      |
|         | GS    | PK    |      |
|         | HON   | RE    |      |
|         | KEYS  | STAY  |      |
|         | KL    | STZ   |      |
|         | MRK   | WH    |      |
|         | ORCL  |       |      |
|         | ORLY  |       |      |
|         | PRU   |       |      |
|         | REZI  |       |      |
|         | ROKU  |       |      |
|         | ROST  |       |      |
|         | TCEHY |       |      |
|         | TJX   |       |      |
|         | UL    |       |      |
|         | XOM   |       |      |

9

24. Senator Burr's February 13, 2020 selling spree was his largest stock selling day of at least the past 14 months (according to a ProPublica review of Senate records). Unlike his typical disclosure reports, which are a mix of sales and purchases, all of the transactions on February 13 were sales.

25. As of the filing of the Complaint, trillions of tax-payer dollars have been spent to revive the Dow Industrial average which had, earlier this week, lost nearly 1/3 of its value since February 13, 2020.

26. Defendants' knowledge of the devastating impact of COVID-19 on the United States, the mitigation measures that would be taken in efforts to curtail its spread, and the coming hit to the economy is evident not only by the fact that they received confidential briefings on COVID-19 and then sold millions of dollars worth of shares they held in the stock market, but by contradicting representations they have subsequently made to members of the public about the threat posed by the pandemic to Americans' health and economic well being.

27. By way of example, on February 27, 2020, Senator Burr, when speaking to a small private audience of well-connected constituents, organized by the Tar Heel Circle, a nonpartisan

group whose membership consists of businesses and organizations in North Carolina, said that COVID-19 "is much more aggressive in its transmission than anything we have seen in recent history," comparing it to the 1918 flu pandemic. David Merrill and Esha Day, What the Dow's 28% Crash Tells Us About the Economy, Bloomberg, Mar. 18, 2020, https://bloom.bg/3a9hgLY. He warned them they should prepare for dire economic and societal effects from the spread of COVID-19. Senator Burr advised the attendees at the luncheon: "Every company should be cognizant of the fact that you may have to alter your travel. You may have to look at your employees and judge whether the trip they're making to Europe is essential or whether it can be done on video conference. Why risk it?"

28. Sixteen days before North Carolina closed its schools over the threat of COVID-19, Senator Burr warned the small group of rich people that attended the luncheon, that it could happen. "There will be, I'm sure, times that communities, probably some in North Carolina, have a transmission rate where they say, 'Let's close schools for two weeks. Everybody stay home,'" he said.

29. Senator Burr also told the luncheon attendees of the possibility that the military might be mobilized to combat

11

COVID-19: "We're going to send a military hospital there; it's going to be in tents and going to be set up on the ground somewhere,' Burr said at the luncheon. 'It's going to be a decision that the president and DOD make. And we're going to have medical professionals supplemented by local staff to treat the people that need treatment.'" Weeks Before Virus Panic, Intelligence Chairman Privately Raised Alarm, Sold Stocks, NPR, Mar. 19, 2020, https://www.npr.org/2020/03/19/818192535/burr-recording-sparks-questions-about-private-comments-on-covid-19.

**COUNT I Violation of the STOCK Act,
Section 10(b) of the Exchange Act, and SEC Rule 10b-5**

30. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

31. The STOCK Act specifically prohibits Members of Congress from using nonpublic information for private profit and affirms that Members are not exempt from federal securities law prohibiting insider trading.

32. The STOCK Act affirms that "Members of Congress . . . are not exempt from the insider trading prohibitions arising from the securities laws, including section 10(b) of the

12

Securities Exchange Act and Rule 10b-5 thereunder." STOCK Act § 4, Pub. L. 112-105, 126 Stat 291.

33. Under the STOCK Act, "each Member of Congress . . . owes a duty arising from a relationship of trust and confidence to Congress, the United States Government, and the citizens of the United States with respect to material, nonpublic information derived from such person's position as a Member of Congress . . . or gained from the performance of such person's official responsibilities." 15 U.S.C. § 78u-1(g)(1).

34. On and around the time they hastened to trade millions of dollars worth of stocks, Defendants possessed material nonpublic information regarding the impact of COVID-19 on the United States, and in particular on the U.S. stock market. Defendants learned this material nonpublic information by virtue of their duties as a United States Senator. Defendants owed a duty to Congress, the United States government, and citizens of the United States, including Plaintiff, not to use material nonpublic information that he learned by virtue of his duties as a United States Senator in connection with the sale or purchase of any security. Defendants breached that duty by selling stock based on that material nonpublic information.

35. While the securities mentioned above traded at artificially inflated and distorted prices, the Senator Defendants personally profited by selling shares of stock while in possession of adverse, material nonpublic information about the COVID-19. Had Plaintiff and the market known of the material nonpublic information in the Senator Defendants' possession regarding COVID-19, and on which the Senator Defendants traded, the stock price would have been substantially lower. The Senators pocketed illegal insider trading proceeds at Plaintiff's expense.

36. Plaintiff suffered damages because, in reliance on the integrity of the market, she continued to maintain her stock holdings at artificially inflated prices as a result of Defendants' violations of Section 10(b) and 20A of the Exchange Act.

### COUNT II Violation of the STOCK Act and Section 20A of the Exchange Act

37. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

38. As set forth above, the Senators (and the spouses of Senators Burr and Loeffler) sold stock at artificially inflated prices based on material nonpublic information that Defendants

learned by virtue of their duties as United States Senators. The Defendants had a duty to keep this information confidential and not to trade securities based on that information. The Defendants breached their duties by trading stock shortly after learning about the hard days about to come upon their compatriots, based on that information, thereby causing Plaintiff damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    (1) Awarding compensatory damages in favor of Plaintiff against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial, including pre-judgment and post-judgment interest thereon;

    (2) Awarding Plaintiff his costs and expenses in this litigation, including reasonable experts' fees and other costs and disbursements;

    (3) Awarding Plaintiff such other and further relief as this Court deems just and appropriate.

    (4) Providing the American People with a transcript of the January 24, 2020 briefing attended by Senators Loeffler and

Burr in which they learned insider information enabling them to enrich themselves at the cost of our upcoming misery.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action of all issues so triable.

Respectfully submitted this 27th day of March, 2020.

**The Khwaja Omer Law Offices**
*Attorneys for Plaintiff*


*/s/ Murtaza Khwaja*

Murtaza Khwaja, Esq.
110 Wall Street #3-049
New York, NY 10005
(404) 432-8847

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHOMIAL AHMAD,<br><br>Plaintiff,<br><br>-against-<br><br>RICHARD M. BURR; KELLY LOEFFLER; JAMES M. INHOFE,<br><br>Defendants. | Case No.: |

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing CONSENT MOTION TO EXTEND TIME TO FILE OPPOSITION TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE has been prepared in Courier New 12, a font and type selection approved by the Court in L.R. 5.1(C).

Respectfully submitted this 27th day of March, 2020.

**The Khwaja Omer Law Offices**
*Attorneys for Plaintiff*

*/s/ Murtaza Khwaja*

Murtaza Khwaja, Esq.
110 Wall Street #3-049
New York, NY 10005
(404) 432-8847

17

Case 1:20-cv-00815-NCT-JEP   Document 1   Filed 03/27/20   Page 17 of 17